UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-100-TBR

TIMOTHY A. GOGNAT                                                                                   PLAINTIFF

v.

CHET J. ELLSWORTH, JOANNE ELLSWORTH,                                        DEFENDANTS
and JOHN DOES 1 - 5

**OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion to Quash Service of Process (Docket #7). Plaintiff has responded (Docket #8). This matter is now ripe for adjudication. For the foregoing reasons, Defendants' Motion is GRANTED.

Plaintiff Timothy A. Gognat alleges numerous claims, including breach of joint venture, unjust enrichment, breach of fiduciary duty, fraud, copyright infringement, misappropriation of trade secrets and intentional interference with prospective business relationships, against Defendants Chet J. Ellsworth, Joanne Ellsworth, and five unknown persons. Plaintiff alleges that Defendants Chet and Joanne Ellsworth are residents of Kentucky with a place of business at 140 Commerce Street, Eddyville, KY, 42038. In their motion to quash, Defendants argue that service of process was improper. Defendants contend that they are residents of Florida, not Kentucky, and that the person to whom service was perfected at the Eddyville office, Nancy Hall, was not authorized by appointment or law to receive service of process on their behalf. Therefore, Defendants have not been properly served and are not properly before the Court.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff bears the burden of perfecting

service of process and showing that proper service was made. Fed. R. Civ Pro. 4(c)(1); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) provides the methods by which an individual may be properly served:

> Unless federal law provides otherwise, an individual - other than a minor, incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

Plaintiff argues that process was properly perfected under state law according to Rule 4(e)(1). Under the Kentucky Civil Rules, "[s]ervice may be made upon a nonresident individual who transacts business through an office or agency in this state, or a resident individual who transacts business through an office or agency in any action growing out of or connected with the business of such office or agency, by serving the person in charge thereof." C.R. 4.04(9). Plaintiff argues that Defendants are nonresidents who transact business through an office located in Eddyville, Kentucky and that by serving Nancy Hall at that location, Plaintiff served "the

person in charge" at the office.

In response, Defendants offer the affidavit of Nancy Hall, wherein Ms. Hall states that she is not a person in charge of any business of the Ellsworths. Plaintiff disputes this by offering the affidavit of Eric Jackson, the service processor who served Nancy Hall. In his affidavit, Mr. Jackson states that Ms. Hall informed him that she accepted paperwork on behalf of the business and that when he told her that the paperwork consisted of two civil summonses, Ms. Hall responded that lawsuits were a part of the oil business.

The Court has been able to locate only one Kentucky case discussing service of process under Civil Rule 4.04(9). In *Douglas v. University of Kentucky Hospital*, the Court of Appeals of Kentucky considered whether a plaintiff's service of process to the University's Obstetrics and Gynecology Department, instead of physician defendants, was properly perfected. *Douglas v. University of Kentucky Hosp.*, No. 2006-CA-002149-MR, 2008 WL 2152209 at *1 (Ky. Ct. App. 2008). Matthew Lally, a temporary employee engaged in minor clerical and staff duties at the hospital, signed for the documents. *Id.* Without further explanation, the court held that because the plaintiff "ha[d] not established that the 'person in charge thereof' was Lally" service of process was not properly perfected under Civil Rule 4.04(9). *Id.* at *4.

Similarly, the Court finds that Plaintiff has not established that "the person in charge" of the Eddyville office was Ms. Hall. While the affidavit of Mr. Jackson states that Ms. Hall informed him that she was able to accept documents on behalf of the business, that does not necessitate that she was the person in charge of the office. Because Plaintiff has offered no evidence that Ms. Hall was the person in charge of the office, the Court finds that Plaintiff has failed to meet his burden of proving that service was proper under Rule 4(e)(1).

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Quash Service of Process is GRANTED.  Pursuant to Federal Rule of Civil Procedure 4(m), IT IS HEREBY ORDERED that the time limit for service is extended by an additional ninety (90) days from the date of this order.