UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-00100

TIMOTHY A. GOGNAT                                                    PLAINTIFF

v.

CHET J. ELLSWORTH;
JOANNE ELLSWORTH; and
JOHN DOES 1-5                                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, JoAnne Ellsworth's ("Ms. Ellsworth"),

Motion to Dismiss for Lack of Personal Jurisdiction (Docket #14).  The Plaintiff, Timothy Gognat

("Gognat"), has filed a response (Docket #23). The Defendant has filed a reply (Docket #29).  This

matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss is

DENIED.

BACKGROUND

Gognat is a petroleum geologist who, in the 1980s and 1990s, developed information that

allowed him to identify probable reserves of oil and natural gas that were previously undiscovered.

Gognat identified several probable reserves in western Kentucky.  Sometime around 1985, Gognat

was introduced to a Mr. Smith in Denver, Colorado.  Smith later introduced Gognat to Chet

Ellsworth ("Ellsworth").  Throughout the 1990s, Gognat worked with Smith and Ellsworth on

projects in central Illinois, Austria, and the Netherlands.  In 1997, MSD Energy, Inc., ("MSD") was

formed.  Ellsworth served as President while Ms. Ellsworth served as Secretary for MSD.

Gognat and Ellsworth entered into a joint venture to profitably develop the probable reserves

of oil and natural gas in western Kentucky.  Gognat was to contribute his trade secrets, or knowledge

about the probable reserves, and Ellsworth was to contribute financing, and establishment of

business and technical structures.  In 1997, Ellsworth began leasing mineral rights in the western Kentucky area.

In January of 2001, Ellsworth assigned all of his interest in ceratin mineral rights leases he had obtained in the western Kentucky area to MSD, without the knowledge of Gognat. On January 24, 2001, MSD assigned the company's interest in all mineral rights leases to Smith, Ellsworth, Ms. Ellsworth, and Ron Rivard.  Again, this assignment was without Gognat's knowledge. Other assignments took place, including assignments to Gognat on May 18, 2001. Gognate rejected this assignment as insufficient compensation for his trade secrets.

Gognat alleges that despite the Defendant's activity through 2005 in obtaining leases for mineral rights in the western Kentucky area, drilling activity, and establishment of functional and producing wells based upon Gognat's trade secrets, the Defendant's downplayed the value of the probable reserves.  Gognat alleges that in breach of the joint venture the Defendants failed to disclose the financial, business and technical structures being employed by them to establish commercially viable wells in the western Kentucky area.  In October 2005, further assignments were made by MSD without Gognat's knowledge.

At this time Gognat decided to work with another partner to develop a second area within western Kentucky of probable reserves.  Upon beginning to develop this second area, Gognat learned that Ellsworth had already begun developing this area based on trade secrets he had learned when developing the initial western Kentucky area.

Gognat asserts claims for: declaratory relief; breach of joint venture; unjust enrichment; breach of fiduciary duty; fraud, misrepresentation, concealment and deceit; intentional interference with prospective business relationships; vilation of §6-4-105, C.R.S., attempt to monopolize;

copyright infringement; breach of Uniform Trade Secrets Act; and punitive damages.

## STANDARD

The plaintiff bears the burden of establishing jurisdiction. *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).  Where, as here, there is no evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss.  *Id.*  The Court must consider the pleadings and affidavits in a light most favorable to the non-moving party, and cannot weigh the controverting assertions of the party seeking dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

In a diversity action, the Court must look to the law of the forum state to determine whether personal jurisdiction exists.  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). "A Court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the states's long-arm statute and constitutional due process requirements." *Id.*  The Court's exercise of jurisdiction comports with due process when the defendant has sufficient minimal contacts such that "traditional notions of fair play and substantial justice are not offended." *Id.* at 615-16 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The frequency of contacts is not determinative; the defendant's conduct must be such that she "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The Kentucky long-arm statute has been understood to reach the limit permitted by the Constitution, thus the single issue is whether the jurisdiction sought is within the requirements of due process. *Tobin v. Astra Pharm.*

3

*Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993).

"The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction." *Fortis Corporate Ins. v. Viken Ship Management,* 450 F.3d 214, 218 (6th Cir. 2006)*; Fairbrother v. American Monument Foundation, LLC*, 340 F.Supp.2d 1147, 1153 (D.Colo. 2004). General jurisdiction over a nonresident requires a showing of continuous and systematic contacts with the forum state. *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624 (6th Cir. 1998); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). In order for a nonresident to be subject to the jurisdiction of the court under specific jurisdiction, i.e., for specific claims asserted, those claims must arise out of or be related to activities that were significant and purposely directed by the defendant at a resident of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

The following criteria have historically been employed to determine if specific personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Tobin*, 993 F.2d at 542-43 (quoting *Theunissen*, 935 F.2d at 1460).

## DISCUSSION

### I. General Jurisdiction

Taking the facts alleged by the Plaintiff in his Complaint as true, the Court must determine if the contacts of Ms. Ellsworth are continuous and systematic contacts so as to subject her to the general jurisdiction of this Court. Ms. Ellsworth argues that she is not subject to the general

4

jurisdiction of this Court, although MSD Energy, Inc. ("MSD") for which she served as Secretary conducted business in Kentucky.  Ms. Ellsworth states that the actions of MSD are not imputable to her merely because she served as Secretary and there are no allegations that MSD is a shell corporation.  Ms. Ellsworth asserts that any assignments and claims of property interests in her name were recorded by MSD and not by her in her individual capacity. Ms. Ellsworth cites *Fairbrother v. American Monument Foundation, LLC,* for the proposition that there are no grounds to find general jurisdiction. 340 F.Supp.2d 1147. In *Fairbrother*, the court held that the plaintiff had not met its burden of establishing general jurisdiction regarding an individual defendant who was the president of a corporate defendant.  *Id.* at 1160-61.  The court held that providing only vague allegations was insufficient and the plaintiff failed to point to specific continuous and systemic contacts.  *Id.* at 1161.

The Plaintiff asserts that Ms. Ellsworth's activities in Kentucky have been continuous and systemic.  The Plaintiff points to the fact that she is the Secretary of MSD which is registered to do business in Kentucky and that Ms. Ellsworth owns interests in mineral leases within Kentucky.  The Plaintiffs also point to the fact that her husband, Chet Ellsworth, has submitted to this Court's jurisdiction and therefore "presence in the state through an agent is the equivalent of general presence for the purpose of being made subject to suit."

The fact that Ms. Ellsworth is the Secretary for MSD acting as an agent of MSD does not confer personal jurisdiction. "[J]urisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927,  929 (6th Cir. 1974).  However, personal jurisdiction may be applied to those officers of a corporation "where an out-of-state agent is actively and personally involved in the conduct giving

rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment." *Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683, 698 ( 6th Cir. 2000).

Additionally, in *MSD Energy Inc. v Gognat*, 507 F. Supp. 2d 764, 772 (W.D. Ky. 2007), this Court held that general jurisdiction over an officer of a foreign corporation was not proper. The Court stated:

> Plaintiffs also alleged that, if the Court exercised general personal jurisdiction over Geodata [the foreign corporation], it could also exercise personal jurisdiction over Richard as a person controlling Geodata. Because Richard is not the sole controller of Geodata, Plaintiffs have not alleged facts in support of piercing the corporate veil, and primarily because Geodata is not subject to general personal jurisdiction before this Court, the Court does not have general personal jurisdiction over Richard.

*Id.* (internal citations omitted). While MSD Energy is subject to the jurisdiction of this Court, Ms. Ellsworth, similarly to Richard in this previous case, is not the sole controller of the corporation and the Plaintiff has not alleged facts which support a piercing of the corporate veil. The Plaintiffs have neither sufficiently alleged that the corporation was formed as a shell corporation or alter ego for Ms. Ellsworth nor that Ms. Ellsworth has continuous and systemic contacts with Kentucky. Without these allegations the Court finds that the contacts of MSD can not be imputed to Ms. Ellsworth based on her position as Secretary and agent for MSD. The Court does not have general personal jurisdiction over Ms. Ellsworth based on this theory.

The fact that Ms. Ellsworth's husband, Chet Ellsworth, has submitted to the jurisdiction of this Court does not confer general personal jurisdiction on Ms. Ellsworth. While it is true, under agency theory, that had Mr. Ellsworth been acting as the agent for Ms. Ellsworth, she as the principle would also be subject to general personal jurisdiction, this has not been alleged in the

6

Complaint. *See Citicorp Intern. Trading Co., Inc. v. Western Oil & Refining Co.*, 708 F. Supp. 86, 89 (S.D.N.Y.1989).  Neither party has cited, nor has the Court found, a case which states that personal jurisdiction is conferred merely based on a spousal relationship; nor is there case law which suggests agency based on the spousal relationship.  *See, e.g., Halkett v. Fireman's Fund Ins. Co.*, 2006 WL 1236833, No. 05-110-B-C, *4 (D.Me. May 5, 2006)(holding summer vacation trips to forum state and spousal relationship with citizen of state were not enough to establish personal jurisdiction).

Finally, the fact that Ms. Ellsworth owns interests in mineral leases within Kentucky is not a sufficient basis for general personal jurisdiction.  In *MSD Energy, Inc. v. Gognat*, this Court held that the fact that a Colorado limited liability company owned oil leases in Kentucky was not sufficient grounds on which to base general personal jurisidiction.  507 F.Supp.2d 764, 772 (W.D.Ky. 2007).The Court explained:

> Plaintiffs claim that the Court has general personal jurisdiction over Richard, Knappe, and Geodata because of their business in oil leases in Kentucky. Plaintiffs claim that Geodata does sufficient business in Kentucky oil leases to satisfy the requirement of continuous and systematic business requirements for general personal jurisdiction. In support of this argument, Plaintiffs cite to contractual mineral interests acquired by Geodata in Kentucky around 2006. However, Geodata is a Colorado limited liability company with its principal office in Colorado. All Geodata directors, agents, and employees live in Colorado. Geodata does not place any goods into the stream of commerce in Kentucky, and its connection to Kentucky is limited to several mineral royalty contracts unrelated to the claims in this case. These contracts, while some contact with the state of Kentucky, are not sufficiently extensive to satisfy the general personal jurisdiction standard of continuous and systematic contact.

*Id.* The facts of *MSD Energy, Inc.*, are very similar to those at bar. Ms. Ellsworth is a resident and citizen of Florida.  Her connection to Kentucky is limited to her mineral interests in mines located within Kentucky.  The Court finds these contacts are not sufficient to satisfy the general personal

7

jurisdiction standard of continuous and systematic contact.

The Court finds that although Ms. Ellsworth is the Secretary of MSD which is registered to do business in Kentucky; has interests in mineral leases within Kentucky; and her husband, Chet Ellsworth, has submitted to this Court's jurisdiction, these contacts are not continuous and systematic contact necessary to satisfy the general personal jurisdiction standard.

## II. Specific Jurisdiction

Kentucky's long arm statute states:
2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
1. Transacting any business in this Commonwealth;
2. Contracting to supply services or goods in this Commonwealth;
3. Causing tortious injury by an act or omission in this Commonwealth;
4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;
5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;
6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated.

KRS §454.210. The Plaintiff maintains that Ms. Ellsworth has transacted business within Kentucky, as well as caused tortious injury by an act or omission in Kentucky and has an interest in real property in Kentucky.  KRS §454.210(2)(a)(1), (3), and (6). Kentucky's long arm statute has been

held to authorize personal jurisdiction to the broadest extent permitted by due process. *Tobin*, 993 F.2d at 542-43.  Therefore, if exercising personal jurisdiction is consistent with due process, it is also consistent with Kentucky's long arm statute.

Specific jurisdiction is consistent with due process if the three part test is met: whether the defendant purposefully availed himself of the privilege of the State; the cause of action arises from defendant's activities; and the exercise of jurisdiction is reasonable.

First, the Court must examine if Ms. Ellsworth purposefully availed herself of the privilege of acting in Kentucky or causing consequences in Kentucky.  Under the "purposeful availment" requirement, the Court must determine if Ellsworth's contact is merely collaterally related to Kentucky, or if it is the kind of substantial relationship with the forum state that invokes, by design, the benefits and protections of its laws.  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000).  "Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  *Id.* at 721-22.

It is alleged in the Complaint, and Ms. Ellsworth states in her Affidavit, that she has been assigned "overriding royalty interests in certain oil and gas leases in western Kentucky."  Under Kentucky law, "[a]n overriding royalty interest constitutes real property."  *MSD Energy, Inc. v. Gognat*, 507 F.Supp.2d 764, (W.D.Ky. 2007) (citing *Kentucky Bank & Trust Co. v. Ashland Oil & Transp. Co.*, 310 S.W.2d 287, 288 (Ky.1958)).  One who owns real property in a state purposefully avails themselves of the benefits and protections of the laws of that state. *Johnson v. Long Beach Mortg. Loan Trust 2001-4,* 451 F.Supp.2d 16, 32 (D.D.C. 2006) (owner of mortgage note secured by real property in forum state purposefully availed himself of laws of forum state and is subject to jurisdiction of forum state without further contacts); *Jeffreys v. Exten*, 784 F. Supp. 146

9

(D.Del.1992) (holding mortgage on property in forum state is alone enough to establish interest in real property and purposeful availment for purposes of specific personal jurisdiction).  The Court finds Ms. Ellsworth has purposefully availed herself of Kentucky and the benefits and protections of its laws by owning an interest in real property located within Kentucky.

The "arising from" requirement is satisfied if the cause of action is related to or connected with the defendant's forum contacts.  *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003).  In *Southern Machine Co. v. Mohasco Industries*, the Sixth Circuit held that "[o]nly when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract." 401 F.2d 374, 384 n.29 (6th Cir. 1968). The operative facts of the controversy in the case at bar are directly related to the oil and gas leases in western Kentucky which overriding royalty interests in have been assigned to Ms. Ellsworth. Therefore, the cause of action arose from Ms. Ellsworth's contacts with Kentucky.

For the third criterion, the Court must determine if the acts of Ms. Ellsworth have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendants reasonable.  When the first two criteria are met, there is an inference of reasonableness. *Theunissen*, 935 F.2d at 1461.  As such, "only the unusual case will not meet this third criterion." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170 (6th Cir.1988). The Supreme Court, in *Asahi Metal Industries Company v. Superior Court of California, Solano County*, held that determining reasonableness of jurisdiction is best found by balancing "'the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief,' giving due regard to 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'"  480 U.S. 102,

10

113 (1987) (quoting *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980)).

As to the first factor, Ms. Ellsworth is a citizen of and resides in Florida and it is likely a substantial burden on her to defend this suit in the Western District of Kentucky. However, concerning the second factor,  Kentucky, as the forum state, has a substantial interest in having issues regarding real property located in the state resolved in Kentucky. Finally, regarding the third factor, the Plaintiff has a significant interest in retaining relief. However, if Ms. Ellsworth were dismissed from this action, the Plaintiff still has claims against Chet Ellsworth and John Does 1-5. The Court finds, looking to the balancing of factors and in light of the presumption of reasonableness, that exercise of jurisdiction is reasonable.

Finding that Ms. Ellsworth has purposefully availed herself of Kentucky, the cause of action arose from her contacts with Kentucky, and exercise of jurisdiction is reasonable, the Court finds that it has specific jurisdiction over Ms. Ellsworth.[1]

## CONCLUSION

For the foregoing reason, the Defendant, Ms. Ellsworth's, Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

---

[1] The Court has found exercise of specific personal jurisdiction is proper in this case as to Ms. Ellsworth; therefore, the Court will not address the theory of jurisdiction based on conspiracy asserted by the Plaintiff.